UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TORI GANDIA | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-cv-1275 |
| | § | |
| USAC AIRWAYS 693, LLC, | § | |
| | § | |
| *Defendant.* | § | |

### DEFENDANT USAC AIRWAYS 693, LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant USAC Airways 693, LLC ("USAC") removes this action from the 298th Judicial District Court of Dallas County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. The following facts warrant the exercise of removal jurisdiction on the basis of diversity jurisdiction:

### I.   INTRODUCTION

1. On April 19, 2021, Plaintiff Tori Gandia ("Plaintiff") filed her Original Petition ("Petition") against Defendant in the case styled *Tori Gandia v. USAC Airways 693, LLC*, Cause No. DC-21-04886 (the "State Court Action").

2. On April 27, 2021, Plaintiff requested in the State Court Action a citation for service ("Citation") on the Texas Secretary of State.

3. On May 5, 2021, the Dallas County Clerk issued the Citation.

4. As of the date of this filing, USAC remains unaware of whether service has subsequently been made on the Texas Secretary of State.

5.     Nevertheless, on May 18, 2021, pursuant to an earlier request from Plaintiff's counsel, USAC's counsel agreed to accept service on USAC's behalf.

## II.     JURISDICTION

A.     **Plaintiff and Defendant are Diverse.**

6.     This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332. An action may be removed to federal court under Section 1332 where there is complete diversity of citizenship between the parties, and where the requisite amount in controversy is satisfied. *See* 28 U.S.C. § 1332(a); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530-31 (1967).

7.     Plaintiff alleges in her Petition to be a resident of, and domiciled in, the State of Texas. Pl.'s Pet. at ¶ 2.01 ("Gandia is an individual currently residing in the State of Texas."). "An individual's citizenship is determined by where he or she is domiciled." *Combs v. Fortune Hi-Tech Mktg., Inc.*, 3:11-CV-1322-K, 2011 WL 3874911, at *1 (N.D. Tex. Aug. 30, 2011) (Kinkeade, J.).

8.     USAC is a Pennsylvania limited liability company. For purposes of diversity jurisdiction, "the citizenship of an LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). USAC's sole member is Cheryl Banham, a resident of Florida.

9.     As a result, Plaintiff and USAC are completely diverse.

B.     **The Amount in Controversy Requirement Is Met.**

10.    Pursuant to *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014), USAC need only assert in its Notice a "plausible allegation" that the amount-in-controversy requirement of $75,000.00 is met. Plaintiff alleges that she is seeking monetary relief over $200,000.00 but not more than $1,000,000. *See* Pl.'s Pet. at ¶ 1.02 ("Pursuant to Rule 47 of

the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000."). Consequently, the amount in controversy requirement is satisfied.

### III.  PROCEDURAL REQUIREMENTS

11. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. § 1441(a); 28 U.S.C. § 124(a)(1).

12. As required by 28 U.S.C. § 1446(a) and N.D. Tex. L.R. 81.1, USAC provides with this Notice the following to the clerk for filing: (1) a completed civil cover sheet; (2) a supplemental civil cover sheet; (3) if there is a "related case," as defined by LR 3.3(b)(3) or (b)(4), a notice of related case that complies with LR 3.3(a); and (4) an index of all documents that clearly identifies each document and indicates the date the document was filed in state court, a copy of the docket sheet in the state court action, each document filed in the state court action, except discovery material, and a separately signed certificate of interested persons that complies with LR 3.1(c).

13. As required by 28 U.S.C. § 1446(d) Defendant will promptly file a copy of this notice of removal with the clerk of the court where the action has been pending and provide Plaintiff with copies of this Notice and exhibits thereto, as well as the notice filed with the state court.

### IV.  CONCLUSION AND PRAYER

14. For the foregoing reasons, USAC respectfully requests that: (i) this action be removed to this Court; (ii) this Court accept jurisdiction of this action; and (iii) this action be placed on the docket of this Court for further proceedings, as though it had originally been instituted in this Court.

15. By filing this Notice of Removal, USAC does not intend to waive its right to assert any claims, defenses or other motions permitted under the FEDERAL RULES OF CIVIL PROCEDURE.

Date: June 3, 2021

Respectfully submitted,

*/s/ Mary G. Nix*
Mary G. Nix
Texas Bar No. 24002694
mnix@lynnllp.com
Jared D. Eisenberg
Texas Bar No. 24092382
jeisenberg@lynnllp.com
Daniel C. Polese
Texas Bar No. 24102364
dpolese@lynnllp.com
**LYNN PINKER HURST & SCHWEGMANN, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
214-981-3800 – Telephone
214-981-3839 – Facsimile

Sara Schretenthaler Staha
Texas Bar No. 24088368
sara.staha@hklaw.com
**HOLLAND & KNIGHT LLP**
200 Crescent Court, Suite 1600
Dallas, Texas 75201
214-964-9500 – Telephone
214-964-9501 – Facsimile

**ATTORNEYS FOR DEFENDANT
USAC AIRWAYS 693, LLC**

## CERTIFICATE OF SERVICE

On June 3, 2021, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the ECF System of the court and certify that I have served via the Court's ECF System on all counsel of record or otherwise in compliance with FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

*/s/ Mary G. Nix*
Mary G. Nix