# United States District Court
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| TORI GANDIA | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:21-CV-1275-S |
| | § | |
| USAC AIRWAYS 693 LLC | § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendant USAC Airways 693 LLC's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6), or in the Alternative Motion for a More Definite Statement Pursuant to Rule 12(e) ("Motion") [ECF No. 16]. For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss and **DENIES** the Motion for a More Definite Statement.

### I.    BACKGROUND

Plaintiff Tori Gandia ("Plaintiff") was employed as a pilot by Defendant USAC Airways 693 LLC ("Defendant"), a private aircraft rental and management company. Am. Compl. ¶ 4.01. Plaintiff claims that Defendant discriminated against her on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Texas Commission on Human Rights Act, TEX. LAB. CODE § 21.001, *et seq.* ("TCHRA"). Plaintiff also alleges that Defendant terminated her employment in retaliation for reporting sexual harassment and making safety complaints. Am. Compl. ¶ 1.01.

Plaintiff, a "first officer" on a Citation X jet, alleges that she "began working under Bradley Wernke [("Wernke")] after his promotion to [c]aptain in approximately March of 2020. In this new position, Wernke started engaging in sexually harassing behavior" towards Plaintiff. *Id.* ¶ 4.02. According to Plaintiff, Wernke harassed her on several different occasions. She alleges

that he "hit her rear end when she leaned over in the cockpit;" "blocked the only exit [to the airplane] and demanded a kiss before she could pass;" and "stopped her in the aisle of the airplane, grabbed her arm and made her touch his private parts." *Id.* Plaintiff asserts that she rebuffed Wernke's advances, after which he became "belligerent" and began taking actions that posed safety risks, which included refusing to allow Plaintiff to participate in certain in-flight operations, radio calls, and safety checks. *Id.* ¶¶ 4.04-4.05.

Plaintiff alleges that she complained about Wernke's harassment to Defendant's Chief Operating Officer, Matt Marci ("COO"), and Chief Pilot, Fred Farid ("Chief Pilot"). *Id.* ¶ 4.06. Then, "after complaints to the COO and Chief Pilot were ignored, [Plaintiff] followed up with a text-message to [the human resources department] complaining of harassment on or about July 7, 2020." *Id.* Plaintiff also alleges that she made or is making safety complaints to the Federal Aviation Administration ("FAA") and the Occupational Safety and Health Administration ("OSHA"). *Id.* ¶¶ 1.01, 4.06.

Plaintiff's employment with Defendant was terminated in August 2020, one month after she complained to Defendant's human resources department about harassment. *Id.* ¶ 4.07. According to Plaintiff, the stated reason for her termination was a reduction in workforce due to the COVID-19 pandemic. *Id.* Plaintiff contends, however, that Defendant terminated her employment in retaliation for the complaints she made, given the close temporal proximity of her termination to those complaints. *Id.* Plaintiff claims she was the only pilot terminated at that time, and that she could have been re-trained to fly other types of aircraft managed by Defendant similar to the Citation X. *Id.* ¶ 4.08. She maintains that she was not contacted when Defendant posted comparable open positions in the months following her termination. *Id.* ¶ 4.09.

## II. MOTION TO DISMISS

Defendant seeks dismissal of Plaintiff's retaliation claim on the narrow basis that she "pleads no facts raising a plausible inference that she engaged in 'protected conduct.'" Mot. 1-2. Specifically, Defendant argues that "reporting an alleged safety violation to the FAA or OSHA, is not a 'protected activity' under Title VII or the [TCHRA]." *Id.* at 6-7. Defendant does not argue that Plaintiff has failed to state a claim for gender discrimination in violation of Title VII and the TCHRA.

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

Title VII's anti-retaliation provision prohibits discrimination against an employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII]" or "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). To state a claim for retaliation in violation of Title VII, a plaintiff must plead that (1) she engaged in activity protected by Title VII, (2) she suffered a materially adverse employment action, and (3) there was a causal link between the protected activity and the adverse employment action. *Jenkins v. City of San Antonio Fire Dep't.*, 784 F.3d 263, 269 (5th Cir. 2015). The same elements are required to state a claim for retaliation under the TCHRA. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 137 (Tex. 2015); *AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008).

"An individual may engage in protected activity by opposing any practice made unlawful by Title VII." *Carter v. Target Corp.*, 541 F. App'x 413, 418 (5th Cir. 2013) (citing *Haynes v. Pennzoil Co.*, 207 F.3d 296, 300 (5th Cir. 2000)). Conversely, "[a] vague complaint that does not reference a discriminatory employment practice does not constitute a protected activity." *Id.* (citing *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x. 485, 493 (5th Cir. 2011). However, opposition need not be directed at conduct that is actually unlawful or that would give rise to an independent discrimination claim. *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 240-42 (5th

4

Cir. 2016). Rather, opposition need only be aimed at conduct that a plaintiff "reasonably believed" was unlawful under Title VII. *Id.*

Defendant contends that Plaintiff cannot predicate her retaliation claims on complaints to the FAA and OSHA because safety complaints do not constitute opposition to practices made unlawful by Title VII. The Court agrees. The Fifth Circuit has expressly held that complaining of an employer's safety violations is not protected activity under Title VII. *Green v. Trimac Transp., Inc.*, 546 F. App'x 333 (5th Cir. 2013); *see also Washington v. M. Hanna Constr. Inc.*, 299 F. App'x 399, 401 (5th Cir. 2008) ("[V]iolating OSHA does not qualify as protected activity under Title VII[.]"). Therefore, the Motion to Dismiss is granted to the extent that Plaintiff bases her retaliation claim on complaints to the FAA and OSHA, because these complaints are not protected activity under Title VII.

The Amended Complaint does, however, identify purported protected conduct by Plaintiff. Specifically, Plaintiff identifies at least three discrete instances of alleged sexual harassment by Wernke and alleges that she complained of harassment to Defendant's Chief Pilot, COO, and human resources department. *See* Am. Compl. ¶¶ 4.02, 4.06. "Sexual harassment is a recognized cause of action under Title VII and the TCHRA." *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 (Tex. 2010); *accord Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 64 (1986). And the Fifth Circuit has specifically recognized that reporting sexual harassment to human resources qualifies as protected activity. *Cuellar v. Sw. Gen. Emergency Physicians, P.L.L.C.*, 656 F. App'x 707, 710 (5th Cir. 2016) (employee adequately alleged protected activity when she reported to human resources that supervisor promised "to spank her if she misbehaved."). As such, viewing the allegations in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a claim for retaliation. Consequently, the Court denies the Motion to Dismiss Plaintiff's retaliation

claim to the extent such a claim is predicated on Plaintiff reporting sexual harassment to Defendant and its managers. Plaintiff's claim for gender discrimination under Title VII and the TCHRA, which Defendant did not move to dismiss, also remains operative.

### III.   MOTION FOR A MORE DEFINITE STATEMENT

In the alternative to dismissal, Defendant seeks a more definite statement under Federal Rule of Civil Procedure 12(e), arguing that Plaintiff's "allegations are insufficient to identify the specific 'protected conduct' in which she alleges to have engaged." Mot. 9. "A motion for a more definite statement under Rule 12(e) is available where the pleading is so vague or ambiguous that the party cannot reasonably prepare a response." *Velazquez v. El Pollo Regio IP, LLC*, No. 3:15-CV-03170-M, 2016 WL 3669876, at *4 (N.D. Tex. July 11, 2016) (citing FED. R. CIV. P. 12(e)). Motions for a more definite statement are generally disfavored. *Conceal City, L.L.C. v. Looper Law Enf't, LLC*, 917 F. Supp. 2d 611, 621 (N.D. Tex. 2013). Although Rule 12(e) may be used to enforce minimum pleading requirements, its application is limited to matters that impede the ability to form a responsive pleading. Accordingly, where defendants are complaining of matters that can be clarified and developed during discovery, a motion for a more definite statement should not be granted. *Arista Records LLC v. Greubel*, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing *Mitchell v. E–Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959) (holding that Rule 12(e) is not to be used as a substitute for discovery)); *Velazquez*, 2016 WL 3669876, at *4 (same).

The Court finds that the Amended Complaint is not so vague and ambiguous that Defendant cannot reasonably prepare a response, and that it does give sufficient fair notice to Defendant of Plaintiff's retaliation claims. As set forth above, Plaintiff specifically identified a number of instances of alleged sexual harassment and indicates that she complained of these instances to the COO, Chief Pilot, and Defendant' human resources department. Defendant can

clarify and obtain more specific information through discovery. Accordingly, Defendant's Motion for a More Definite Statement is denied.

### IV.     CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** USAC Airways 693 LLC's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Pursuant to Rule 12(b)(6) and **DENIES** the Motion for a More Definite Statement Pursuant to Rule 12(e).

**SO ORDERED.**

SIGNED November 30, 2021.

*[signature]*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**